Thomas Lether, OSB #101708
Eric J. Neal, OSB #110268
Westin McLean, OSB #094389
LETHER LAW GROUP
1848 Westlake Avenue N, Suite 100
Seattle, WA 98109
P: (206) 467-5444/F: (206) 467-5544
tlether@letherlaw.com
eneal@letherlaw.com
wmclean@letherlaw.com
*Attorneys for Plaintiff The Phoenix Insurance Company*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| THE PHOENIX INSURANCE COMPANY, a Connecticut insurance company,<br><br>Plaintiff,<br><br>v.<br><br>HDI GLOBAL INSURANCE COMPANY, an Illinois insurance company,<br><br>Defendant. | No.<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF** |

COMES NOW, PLAINTIFF The Phoenix Insurance Company (hereinafter "Phoenix"), by and through its attorneys, alleges as follows:

**I.     Parties**

1.     Phoenix is an insurance company organized under the laws of the State of Connecticut with its principal place of business located in the State of Connecticut. Phoenix is authorized to conduct insurance business in the State of Oregon.

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF– 1

LETHER LAW GROUP.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

2. HDI Global Insurance Company (hereinafter "HDI") is an insurance company organized under the laws of the State of Illinois with its principal place of business located in Chicago, Illinois. HDI is authorized to conduct insurance business in the State of Oregon.

## II.   Jurisdiction and Venue

3. Phoenix is a citizen of the State of Connecticut.

4. HDI is a citizen of the State of Illinois.

5. This Court has jurisdiction over this claim pursuant to 28 U.S.C. §1332 as the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and diversity amongst the parties is complete.

6. The Court also has jurisdiction over this action pursuant to 28 U.S.C. §2201, because there is a real, substantial, and justiciable issue in controversy between the parties to this action with respect to the existence of insurance coverage under the policy of insurance issued by HDI. A judicial determination and a declaration of the rights and obligations as between the parties is necessary and appropriate at this time because Phoenix has no adequate remedy at law which will resolve the current controversy.

7. Venue is proper with this Court pursuant to 28 U.S.C. §1391 as this case involves claims for insurance coverage stemming from alleged losses which occurred in Portland, Oregon.

## III.   Facts

8. This is an insurance coverage dispute arising from a personal injury lawsuit brought by Keith Parker, entitled *Keith J. Parker v. Bilfinger Industrial Services, Inc., et al.*, Multnomah County Circuit Court, Case No. 18CV40476 (hereinafter the "Underlying Lawsuit").

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF– 2

LETHER LAW GROUP.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

A.    **Background Facts**

9.    Mr. Parker's alleged injuries occurred on or about July 18, 2018 at a United Parcel Service, Inc. (hereinafter "UPS") facility in Portland, Oregon. Mr. Parker alleges that he fell on a concrete floor through an uncovered hole in a raised platform when he stepped up onto a defectively and incompletely constructed fixed ladder at the Project worksite (the "Alleged Incident").

10.   At the time of the Alleged Incident, multiple contractors, including Mr. Parker's employer, were working on a project to build a conveyor system at the UPS facility (the "Project").

11.   UPS hired Diversified Conveyors International, LLC (hereinafter "DCI") as the general contractor for the Project.

12.   DCI subcontracted with Bilfinger Industrial Services, Inc. (hereinafter "Bilfinger") and Rightline Warehouse Solutions (hereinafter "Rightline") to perform work on the Project. Mr. Parker was working as an employee of Rightline at the time of the Alleged Incident.

13.   In the Underlying Lawsuit, Mr. Parker alleges claims of negligence under the common law and the Employer Liability Act against UPS, DCI, Bilfinger, and other named defendants. Mr. Parker alleges that UPS, DCI, Bilfinger, and the other named defendants violated several safety rules and regulations and failed to create safe working conditions, failed to manage and/or supervise the contractors' work, and failed to warn workers of known hazards. Mr. Parker also asserts a claim under the doctrine of premises liability against UPS as the possessor of the facility where the Alleged Incident occurred.

14.   Mr. Parker alleges that the negligence of UPS, DCI, Bilfinger, and the other

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF– 3

LETHER LAW GROUP.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

named defendants caused his injuries and resulting damages, which are claimed to exceed $1,000,000.

15.   Upon information and belief, Bilfinger's work on the Project included construction of the fixed ladder and the raised platforms involved in the Alleged Incident. Accordingly, as alleged in the Underlying Lawsuit, Mr. Parker's alleged injuries arose from Bilfinger's work on the Project and/or was allegedly caused by its alleged acts or omissions.

**B.   Pertinent Contract and Insurance Policies**

16.   UPS and DCI entered into a Standard Turnkey Conveyor Agreement with regard to the Project on or about June 29, 2017 (hereinafter the "UPS-DCI Contract").  The UPS-DCI Contract required DCI to indemnify, defend, and hold harmless UPS from and against any and all claims, demands, damages, losses, costs, expenses, and any other liability whatsoever (including attorney's fees) arising by reason of any liability imposed by law or otherwise upon UPS for any and all damage and injury arising out of or in connection with the Project, except for such damages caused by the negligence of UPS.

17.   DCI entered into and agreed to a Master Construction Agreement with Bilfinger (hereinafter the "Subcontract") on April 18, 2018. The Subcontract required Bilfinger to indemnify, defend, and hold harmless DCI to the fullest extent permitted by law from and against claims, demands, liabilities, damages and causes of action, including reasonable attorney's fees and costs, asserted against DCI by third parties to the extent caused by the negligence of Bilfinger in connection with the Project. The Subcontract also required Bilfinger to maintain liability insurance coverage and include DCI as an additional insured on its insurance policies. Under the terms of the Subcontract, the additional insured coverage for DCI procured by Bilfinger must be provided "on a primary and non-contributory basis over any

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF– 4

LETHER LAW GROUP.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

other liability insurance."

18. A Certificate of Liability Insurance was issued to Bilfinger on April 12, 2018. This Certificate identifies Defendant HDI as the insurer affording commercial general liability coverage to Bilfinger under Policy No. GLD12114-06 (hereinafter the "HDI Policy"). This Certificate further states that DCI is an additional insured under the HDI Policy in accordance with the terms of the Subcontract. The HDI Policy was in effect from April 1, 2018 to April 1, 2019.

19. Upon information and belief, the HDI Policy was issued to Bilfinger by HDI and provided the primary liability coverages described in the April 12, 2018 Certificate of Liability Insurance discussed above.

20. Upon information and belief, the HDI Policy provides coverage to DCI as an additional insured by endorsement for DCI's liability for bodily injury damages arising out of Bilfinger's work on the Project and/or caused, in whole or in part, by Bilfinger's acts or omissions in connection with the Project. Upon information and belief, the HDI Policy further provides additional insured coverage to DCI on a primary and non-contributory basis.

21. Upon information and belief, the HDI Policy provides coverage to Bilfinger as a named insured and DCI as an additional insured for their liability for damages because of "bodily injury," including liability assumed by Bilfinger and DCI under an "insured contract." Upon information and belief, the HDI Policy defines "insured contract" to include the part of any contract or agreement pertaining to Bilfinger's business under which Bilfinger assumes the tort liability of another party to pay for bodily injury damages sustained by a third party.

22. Phoenix issued a commercial insurance policy to DCI, Policy No. DT-CO-1E050341-PHX-18 (hereinafter the "Phoenix Policy"). The Phoenix Policy included

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF– 5

LETHER LAW GROUP.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

commercial general liability insurance coverage under the terms and conditions set forth therein and not otherwise. The Phoenix Policy was in effect from January 30, 2018 to January 30, 2019.

23. The Phoenix Policy provides additional insured coverage to UPS subject to the terms and conditions set forth therein and not otherwise.

24. The Phoenix Policy provides that it applies as excess coverage over any other primary insurance available to DCI covering liability for damages arising out of the premises or operations for which DCI has been added as an additional insured by attachment of an endorsement.

25. The Phoenix Policy provides that, when it applies as excess over another insurance policy, Phoenix owes no duty to defend if any other insurer has a duty to defend against a given lawsuit. However, the Phoenix Policy further provides that, if no other insurer defends DCI in this scenario, Phoenix will defend DCI and will be entitled to DCI's rights against those other insurers.

26. Phoenix has been defending and continues to defend DCI and UPS against the claims asserted in the Underlying Action under the Phoenix Policy. To date, HDI has not acknowledged any defense duty owed to DCI or UPS against the claims asserted in the Underlying Action under the HDI Policy.

27. On December 7, 2018, Phoenix tendered a claim on behalf of DCI for defense and indemnity to Bilfinger under the terms of the Subcontract. That tender was rejected by Bilfinger on June 24, 2019.

28. Phoenix also tendered claims for defense and indemnity on behalf of DCI and UPS with regard to the claims asserted in the Underlying Lawsuit to HDI. These tenders were

sent by Phoenix to HDI on March 12, 2019, February 14, 2020, May 4, 2020, and November 19, 2020.

29. To date, HDI has failed to substantively respond to Phoenix's tenders for defense and indemnity coverage on behalf of DCI or UPS under the HDI Policy with regard to the claims asserted in the Underlying Lawsuit. HDI has contributed nothing to the defense of DCI and UPS in regard to the Underlying Lawsuit.

### IV.    There is an Actual and Justiciable Controversy

30. Phoenix hereby incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

31. There is an actual and justiciable controversy as to whether DCI qualifies as an additional insured under the HDI Policy issued to Bilfinger.

32. There is an actual and justiciable controversy as to whether HDI owes a duty to defend and/or indemnity coverage to DCI as an additional insured under the HDI Policy with regard to the claims alleged in the Underlying Lawsuit.

33. There is an actual and justiciable controversy as to whether HDI owes a duty to defend and/or indemnity coverage to Bilfinger with regard to the defense and indemnity obligations Bilfinger agreed to undertake in the Subcontract with regard to the tort claims asserted against DCI in the Underlying Lawsuit.

34. There is an actual and justiciable controversy as to whether HDI owes a duty to defend and/or indemnity coverage to DCI as an additional insured with regard to the defense and indemnity obligations DCI agreed to undertake in the UPS-DCI Contract with regard to the tort claims asserted against UPS in the Underlying Lawsuit.

35. There is an actual and justiciable controversy as to whether HDI owes a duty to

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF– 7

LETHER LAW GROUP.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

defend and/or indemnity coverage to Bilfinger for its liability for attorney fees and defense costs it may owe to DCI and/or UPS under the terms of the Subcontract and UPS-DCI Contract because those fees and costs qualify as damages because of "bodily injury" under the HDI Policy.

36. There is an actual and justiciable controversy as to whether HDI has an obligation to reimburse defense fees and costs in incurred by Phoenix in the defense of claims against DCI and/or UPS arising from Bilfinger's work on the Project under the terms and conditions of the HDI Policy.

37. There is an actual and justiciable controversy as to whether HDI owes a duty to defend and/or indemnity coverage to UPS based on the defense and indemnity obligations Bilfinger agreed to undertake in the Subcontract and the to the defense and indemnity obligations DCI agreed to undertake in the UPS-DCI Contract with regard to the tort claims asserted against UPS in the Underlying Lawsuit.

38. There is an actual and justiciable controversy as to whether Phoenix owes a duty to defend DCI and/or UPS with regard to the Underlying Lawsuit under the Phoenix Policy when the HDI Policy provides additional insured defense and coverage obligations to DCI and/or UPS on a primary and non-contributory basis.

### V.     Causes of Action

**A.     Declaratory Relief**

39. Phoenix hereby incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

40. Phoenix is entitled to Declaratory Judgment in their favor in the form of a judicial determination that HDI, and not Phoenix, owes a duty to defend DCI against the claims

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF– 8

LETHER LAW GROUP.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

asserted against DCI in the Underlying Lawsuit.

41. Phoenix is entitled to Declaratory Judgment in their favor in the form of a judicial determination that HDI owes a duty to indemnify Bilfinger based on the defense and indemnity obligations Bilfinger agreed to undertake in the Subcontract and the defense and indemnity obligations DCI agreed to undertake in the UPS-DCI Contract with regard to the tort claims asserted against DCI and UPS in the Underlying Lawsuit

42. Phoenix is entitled to Declaratory Judgment in their favor in the form of a judicial determination that HDI owes reimbursement for the attorney fees incurred by DCI and/or UPS to defend themselves from the claims asserted in the Underlying Lawsuit arising Bilfinger's work under the terms and conditions of the HDI Policy.

43. Alternatively, Phoenix is entitled to Declaratory Judgment in their favor in the form of a judicial determination that HDI, and not Phoenix, owes a duty to defend UPS against the claims asserted against UPS in the Underlying Lawsuit.

44. Phoenix is entitled to Declaratory Judgment in their favor in the form of a judicial determination that HDI owes a duty to indemnify Bilfinger, DCI and/or UPS against the claims asserted against DCI and UPS in the Underlying Lawsuit

**B.    Contribution and/or Equitable Contribution**

45. Phoenix hereby incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

46. Phoenix has paid sums for costs and attorney fees in defending DCI and UPS against the claims asserted in the Underlying Action. Some or all of these costs and attorney fees should have been paid by HDI.

47. Based on the doctrines of contribution and/or equitable contribution, Phoenix is

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF– 9

LETHER LAW GROUP.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

entitled to recovery and/or reimbursement from HDI for its proportionate share of the costs and fees incurred in defending DCI and UPS with regard to the Underlying Action.

**C.     Subrogation**

48.     Phoenix hereby incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

49.     Pursuant to the terms and conditions of the HDI Policy, HDI owes a duty to defend and indemnify DCI with respect to claims asserted against DCI in the Underlying Lawsuit.

50.     Pursuant to the terms and conditions of the HDI Policy, HDI owes a duty to defend and indemnify UPS with respect to claims asserted against UPS in the Underlying Lawsuit. Alternatively, HDI is obligated to pay for the reasonable attorney fees and costs necessary for the defense of UPS in the Underlying Lawsuit through coverage owed to Bilfinger and/or DCI under the HDI Policy.

51.     Any defense and/or coverage obligations owed by Phoenix to DCI and UPS with regard to the claims asserted in the Underlying Lawsuit are excess to and non-contributory with HDI's obligations under the HDI Policy.

52.     Phoenix has so far paid all costs and fees incurred for the defense of DCI and UPS in the Underlying Action. Phoenix will continue to pay the costs and fees necessary for the defense and/or indemnification of DCI and UPS with regard to the Underlying Action. Some or all of these fees and costs should have been borne by HDI.

53.     Pursuant to its right of subrogation, Phoenix is entitled to reimbursement of fees and costs incurred in defending DCI and UPS with regard to the Underlying Lawsuit, as well as any and all further costs and expenses or damages which result from the failure of HDI to

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF– 10

LETHER LAW GROUP.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

defend and indemnify DCI and/or UPS.

**D.     Indemnity**

54.     Phoenix hereby incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

55.     The claims asserted in the Underlying Lawsuit contain allegations against DCI and UPS that could impose liability covered by the HDI Policy. The claims asserted in the Underlying Lawsuit also contain allegations that could impose a common duty on Phoenix and HDI.

56.     Phoenix has incurred expenses in defending DCI and UPS with regard to the Underlying Lawsuit and may incur further expenses defending and/or indemnifying DCI and/or UPS. Some or all of these expenses should have been borne by HDI.

57.     Phoenix is entitled to indemnity from HDI for the defense and indemnification costs they incurred in defending and/or indemnifying DCI and/or UPS with regard to the Underlying Lawsuit.

## X.     Prayer for Relief

WHEREFORE, Phoenix, having specifically alleged the foregoing, now requests for the following relief:

1.     For a determination of the rights and obligations of the parties hereto with regard to the claims asserted in the Underlying Lawsuit under the HDI Policy and Phoenix Policy.

2.     For a declaration that HDI owes defense and indemnity obligations to DCI and UPC with respect to the claims asserted in the Underlying Lawsuit.

3.     For a declaration that Phoenix does presently owe a duty to defend DCI and UPS under the Phoenix Policy because the HDI Policy provides additional insured coverage to DCI

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF– 11

LETHER LAW GROUP.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

and UPS on a primary and non-contributory basis.

4. For judgment in favor of Phoenix, including an award of damages in an amount to be proven at trial, for its contribution, subrogation and/or indemnity claims.

5. For all interest as allowed by applicable law.

6. For all attorney's fees and costs allowed by ORS 742.061 and/or other applicable statute or law.

7. For other and further relief as the Court deems just and equitable.

DATED this 5th day of January, 2021.

        LETHER LAW GROUP

        */s/ Thomas Lether*
        Thomas Lether, OSB #101708
        */s/ Eric J. Neal*
        Eric J. Neal, OSB # 110268
        */s/ Westin McLean*
        Westin McLean, OSB #094389
        1848 Westlake Avenue N, Suite 100
        Seattle, WA 98109
        P: (206) 467-5444/F: (206) 467-5544
        eneal@letherlaw.com
        tlether@letherlaw.com
        wmclean@letherlaw.com
        *Attorneys for Plaintiff*
        *The Phoenix Insurance Company*

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF– 12

LETHER LAW GROUP.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544